## Commonwealth, Appellant, *v.* Wilcox.

*Criminal law—Murder—Acquittal on grounds of insanity—Release on parole—Act of May 11, 1911, P. L. 273.*

Under the provisions of the Act of May 11, 1911, P. L. 273, any person charged with any crime or misdemeanor, who shall be acquitted by the jury on the ground of insanity, may be released from custody on parol by the court wherein such person shall have been so acquitted. The authority conferred by this act may be exercised at any time, no matter how long or short a time the prisoner may have been in custody. It gives to the court a power absolutely distinct from that authorized under the Act of April 20, 1869, P. L. 78, as amended by the Act of March 19, 1903, P. L. 29, which provided that a prisoner could only be discharged after he had been confined in a hospital for the insane for a period of not less than three months.

The parole authorized under the Act of May 11, 1911, P. L. 273, is not an unconditional discharge, as the prisoner remains subject to the supervision of the court, and may be returned to custody upon violation of his parole. Earlier statutes are not repealed, but they have no application when the proceeding is under the Act of 1911 for the parole, and not the "unconditional discharge" of the prisoner.

Argued November 15, 1920. Appeal, No. 294, Oct. T., 1920, by Commonwealth from judgment of O. & T. Bradford County, May T., 1920, No. 3, paroling defendant in the case of Commonwealth of Pennsylvania v. Fannie Wilcox. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Petition to release on parole, under the provisions of the Act of May 11, 1911, P. L. 273, a prisoner who had been acquitted on the charge of murder on the ground of insanity, and subsequently committed to the Homeopathic State Hospital, at Allentown. Before MAXWELL, P. J.

The opinion of the Superior Court states the case.

The court made an order that the prisoner be paroled. Commonwealth appealed.

*Error assigned* was the order of the court.

*William G. Schrier,* District Attorney, and with him *Charles E. Mills,* for appellant, cited: Sifred v. Com., 104 Pa. 179; Com. ex rel. v. DeCamp, 177 Pa. 112; Whitmire v. Township of Muncy Creek, 17 Pa. Superior Ct. 399; Ritter v. Wray, 45 Pa. Superior Ct. 440; Endlich on the Interpretation of Statutes, section 400; Com. v. Haas, 57 Pa. 443; County of Lehigh v. Schock, 113 Pa. 373; Com. ex rel. Bickel v. Bennett, 18 Phila. 432.

*Charles M. Culver* and *Fanning & Kaufman,* for appellee.

OPINION BY PORTER, J., July 14, 1921:

The defendant in this case was tried in the court below upon an indictment charging murder and was acquitted by the jury, on the ground of insanity. The court, on May 26, 1920, committed the defendant to the Homeopathic State Hospital, at Allentown, with direction that she should be in strict custody, so long as she should continue of unsound mind. The father of the defendant, on July 23, 1920, presented a petition to the court below representing that the defendant was no longer of unsound mind, and praying that she be released upon parole, under the provisions of the Act of May 11, 1911, P. L. 273. The court granted a rule on the Commonwealth, which was served upon the district attorney, to show cause why the defendant should not be paroled. The district attorney filed an answer averring that the court was without authority to parole the defendant, for the reason that she had been committed under the provisions of the Act of May 14, 1874, P. L. 160, and that she could only be discharged upon compliance with the terms of the Act of April 20, 1869, P. L. 78,

as amended by the Act of March 19, 1903, P. L. 29, after she had been confined in the hospital for the insane for a period of not less than three months. The court below was of opinion that the contention of the district attorney was not well founded, proceeded to ascertain in a manner to it satisfactory, whether it was advisable that the defendant should be released on parole, found as a fact that she was now perfectly sane and, on August 16, 1920, made an order that she be paroled in the custody and control of her father, who was, by the order, required to enter into bond with security, in the sum of $4,000, conditioned that the said Fannie Wilcox, keep the peace, "until such time as she shall finally be discharged by the court." The district attorney then took this appeal from that order.

The learned district attorney thus states the question which he asserts to be involved in this case: "Right to parole a person acquitted of the crime of murder by reason of insanity, under the Act of May 11, 1911, P. L. 273." The statute provides: "That when any person, hereafter charged with any crime or misdemeanor, shall be acquitted by the jury on the ground of insanity, such person may be released from custody on parole, by the court wherein such person shall have been so acquitted." The learned district attorney argues that the terms "crimes or misdemeanor" are convertible; that the use of the word "misdemeanor" in connection with the word "crime," qualifies the latter and that the statute must be construed as only authorizing the parole of a person acquitted of a misdemeanor, upon the ground of insanity, and that the statute has no application in a case in which a defendant has been acquitted of the crime of murder, upon such ground. We cannot accept his contention as sound. The word crime sufficiently designates all offenses which the law forbids and for which it prescribes a punishment. In common parlance the word crimes is sometimes used to denote such offenses as are of a deeper and more atrocious dye, while smaller faults

are comprised under the gentler name of misdemeanors:
County of Lehigh v. Schock, 113 Pa. 373.   If the legislature had intended that the Act of 1911 should apply only
to misdemeanors, it is reasonable to assume that that
intention would have been expressed in plain terms, for
it was well understood that the term misdemeanor did
not technically define all crimes.   The mere fact that
the draftsman of the statute used both words, "crime or
misdemeanor," clearly indicates that he understood the
distinction between the two classes of offenses.   It cannot be assumed that the legislature did not intend the
words which were used to have their generally accepted
meaning.   The legislative intention was that the statute
should apply to all cases where the defendant had been
acquitted upon trial for a criminal offense, whether the
offense charged was of an atrocious nature or one of less
grave character.

The learned district attorney further contends that
this case presents the question whether the Act of April
20, 1869, P. L. 78, as amended by the Act of March 19,
1903, P. L. 29, is repealed by the Act of May 11, 1911,
P. L. 273.   The Acts of 1869 and 1903 deal with and regulate the "unconditional discharge" of prisoners who
have been confined in an institution for the insane for a
period of three months, after an acquittal on the ground
of insanity.   The Act of 1911 confers upon the courts
authority to release such persons from custody on parole
and to "prescribe such terms and conditions of said release as may seem proper."   The authority conferred by
the Act of 1911 may be exercised at any time, no matter
how long or short a time the prisoner may have been in
custody.   It gives to the court a power absolutely distinct from that which was exercised under the earlier
statutes; the parole is not an unconditional discharge,
the prisoner remains subject to the supervision of the
court, and may be returned to custody upon violation of
his parole.   The earlier statutes are not repealed, but
they have no application when the proceeding is, under

the Act of 1911, for the parole and not the unconditional discharge" of the prisoner. The assignments of error in this case go entirely to the jurisdiction of the court, there being no suggestion of an abuse of discretion.

The order of the court below is affirmed and the appeal dismissed.