371 A.2d 995

**COMMONWEALTH of Pennsylvania**

v.

**Edward USHER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1976.

Decided March 31, 1977.

Donald E. Schlater, Norwood, for appellant.

Ralph B. D'Iorio, Assistant District Attorney, Media, for appellee.

604

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On February 4, 1975, appellant Edward Usher was found guilty by a jury of rape, statutory rape, indecent assault, and corrupting the morals of a minor. On appeal, he contests the sufficiency of the evidence to convict him. We affirm in part and reverse in part the judgment of sentence of the lower court.

The evidence, viewed in a light most favorable to the verdict-winner, establishes that on August 25, 1974, Mrs. Hoyt stopped with her two children at the Italian-American Club in Twin Oaks. Mrs. Hoyt took a seat at the bar while the two children, aged eleven and nine years respectively, occupied themselves with the jukebox and a snack.

Shortly after Mrs. Hoyt's arrival, appellant entered the bar and assumed the seat next to her. Appellant was employed as a truck driver by Herr's Motor Express Company, located across the highway from the Italian-American Club. While appellant consumed two bottles of beer, he and Mrs. Hoyt conversed.

Appellant left the club to go to work at approximately 7:30 p. m. The events that followed were described primarily by the younger child. She testified that she and her sister, the victim, were playing together outside of the Italian-American Club when appellant came through the door. Appellant offered to give the girls some money that he kept in the cab of his truck. When they reached their destination, appellant helped the two girls up into the cab. There, he showed them magazine photographs of nudes and asked the victim to remove her clothing. When she refused, appellant forcibly removed her short pants and underclothing. According to the victim's sister, appellant then "got on top of her," and "his

body [was] going up and down." The victim "was screaming and crying, telling him to stop." Finally, Mrs. Hoyt arrived at the door of the truck and "pulled him off of her. . . ."

Mrs. Hoyt testified that when she discovered that her children were missing, she ran across the highway to the truckyard. She spotted her younger daughter inside one of the cabs, screaming and waving her arms. When Mrs. Hoyt opened the door to the cab, she discovered appellant with her two children. Both children were hysterical and the victim was partially undressed, wearing only her blouse. Appellant and the victim were next to each other and appellant's pants and undergarments were around his knees.

Mrs. Hoyt managed to extract her two children from their predicament and hurried them back across the highway to the Italian-American Club. While the police were called, Mrs. Hoyt conducted her daughter to the bathroom. Her underclothing was sullied with dirt and fresh blood. She was taken to Sacred Heart Hospital where she was treated and examined by Dr. Romeo Sangalang. Dr. Sangalang's examination revealed a recent laceration of the hymen, approximately three to four millimeters long.

Appellant contends that the evidence was insufficient to convict him because of a contradiction between the testimony of Mrs. Hoyt and that of the victim's sister. The latter testified that when Mrs. Hoyt opened the door to the truck, appellant was still lying on top of the victim and Mrs. Hoyt was required to push him off. Mrs. Hoyt testified that when she arrived appellant and the girl were next to each other. However, an inconsistency in the Commonwealth's evidence does not render the evidence insufficient. The trier of fact is entitled to believe all, part, or none of a witness' testimony and if the record contains evidence sufficient to support the jury's verdict, a conviction will not be disturbed on appeal. *Commonwealth v. Rankin*, 441 Pa. 401, 272

A.2d 886 (1971); *Commonwealth v. Dawkins*, 227 Pa.Super. 558, 322 A.2d 715 (1974).

■ Appellant also points to the hesitancy and ambiguity of the child's testimony. However, the witness was only nine years old. Considering her age and the experience she was attempting to relate, the witness' testimony was entirely credible.

■ Appellant contends that there was no direct evidence of penetration because the victim did not testify.[1] At the time of trial, the victim was a student at Elwyn Institute, a school for emotionally or mentally disturbed children. Her dorm counsellor testified that she was quiet, scholastically slow, and easily upset. When the victim was called to the stand, she was too unnerved to testify.

■■ Even though the victim did not testify that there was penetration, it is well settled that penetration may be established through circumstantial evidence. *Commonwealth v. Grassmyer*, 237 Pa.Super. 394, 352 A. 2d 178 (1975). In this case, the activity described by the victim's sister was consistent only with sexual intercourse or attempted sexual intercourse. Afterwards, the victim was bleeding and prompt medical examination of the victim revealed a recent laceration of her hymen. Under the circumstances, the jury could properly have found and obviously did find that appellant achieved penetration.

■ In *Commonwealth v. Grassmyer, supra,* this court held that the crimes of rape and statutory rape had not been sufficiently proved. In that case, however, the only evidence against the defendant was an injury to the

1. Appellant contends that the court erred in failing to require the victim's testimony. However, counsel failed to make his wishes known at trial and failed to raise the issue in post-trial motions. Therefore, the issue must be deemed waived. *Commonwealth v. Bronaugh*, 459 Pa. 634, 331 A.2d 171 (1975); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

alleged victim's vagina. There was no evidence of the manner in which the injury occurred. In this case there is evidence of injury to the vagina and of the manner in which it occurred. Therefore, accepting as true all the Commonwealth's evidence and all of the reasonable inferences deducible therefrom, upon which, if believed, the jury could properly have based its verdict, the evidence is sufficient in law to prove appellant's guilt beyond a reasonable doubt. *Commonwealth v. Samuels*, 235 Pa. Super. 192, 340 A.2d 880 (1975).

■ Appellant was convicted of rape and statutory rape, and the lower court imposed concurrent sentences of seven and one-half to fifteen years imprisonment on each conviction. This sentence was unlawful because both convictions were based upon the same act. *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976). Furthermore, appellant's failure to raise this issue does not preclude our consideration of it. *Commonwealth v. Walker, supra*. Therefore, the judgment of sentence of the lower court on the conviction for statutory rape must be reversed. In all other respects, the judgment of sentence of the lower court is affirmed.