437 A.2d 407

**COMMONWEALTH of Pennsylvania,**

v.

**James Edward GARRISON, Appellant.**

Superior Court of Pennsylvania.

Argued April 15, 1981.

Filed Nov. 6, 1981.

328

Chester B. Scholl, Jr., Sharon, for appellant.

Charles S. Hersh, Assistant District Attorney, Mercer, for Commonwealth, appellee.

Before  CAVANAUGH,  JOHNSON  and  SHERTZ,  JJ.

SHERTZ, Judge:

This is an appeal from an Order denying modification of the sentence imposed by the trial court following Appellant's guilty pleas.  Appellant asserts that (1) in determining the sentence, the trial court relied on an impermissible factor, (2) the trial court failed to consider the guidelines in the Sentencing Code pertaining to probation and total confinement and (3) the trial court abused its discretion by imposing a manifestly excessive sentence.  We disagree and therefore affirm.

The offenses in question were committed between November 12, 1979, and November 17, 1979.  During this period, Appellant, together with a much younger adult and a juvenile, participated in a series of house burglaries and an attempted armed robbery.  Appellant was arrested and pleaded guilty to seven criminal charges, including attempted armed robbery,[1] five counts of burglary[2] and theft by unlawful taking.[3]  On May 6, 1980, he received a sentence of three to ten years for attempted robbery and a like sentence for one of the burglary charges, two to four years for each of the remaining four burglary charges and one to two years for theft by unlawful taking, all sentences to be served concurrently.[4]  Appellant was also ordered to make restitution, with reference to two of the five burglary counts, in an amount totalling $880.22.

When sentence was imposed, the trial court duly advised Appellant of his right to file a motion for reconsideration of sentence pursuant to Pa.R.Crim.P. 1410.  Appellant failed to file such a motion within the ten day period prescribed by

1.  18 Pa.Cons.Stat.Ann. § 901 (Purdon 1976).

2.  18 Pa.Cons.Stat.Ann. § 3502(a) (Purdon 1972).

3.  18 Pa.Cons.Stat.Ann. § 3921(a) (Purdon 1972).

4.  Five counts of theft, five counts of receiving stolen property, seven counts of criminal conspiracy, two counts of criminal mischief and one count each of simple assault and recklessly endangering were nolle prossed pursuant to a plea bargain.

the rule, but did so belatedly and without leave of court. Nevertheless, the court considered the motion on its merits and, on June 10, 1980, denied it. This appeal followed.

■ Appellant first argues that the trial court gave consideration to an impermissible factor when it imposed sentence. Specifically, Appellant contends that his father's statement concerning Appellant's involvement with drugs unduly influenced the court at the time of sentencing and that, because this statement was unsubstantiated, it was an impermissible factor to consider.

■ We note that neither Appellant nor his attorney objected at the sentencing hearing to the father's statement concerning drugs. This issue has therefore been waived. *Piernikowski v. Cardillo*, 263 Pa.Super. 202, 397 A.2d 817 (1979); *Nobel v. West Penn Power Co.*, 36 Pa.Cmwlth. 577, 388 A.2d 781 (1978). Waiver aside, however, the result would be the same. In a rather lengthy on the record explanation of the sentences, the court makes no reference to drug usage. Therefore, it would appear that the statement had no effect on the sentencing determination. Moreover, even if the trial court relied on the statement, such information is relevant to its assessment of the character of the Appellant and is therefore a permissible factor in sentencing. *Commonwealth v. Goldbard*, 276 Pa.Super. 193, 419 A.2d 161 (1980).

■ Appellant next contends that the trial court failed to take into account all the factors that must be weighed in rejecting probation and in imposing a sentence of total confinement. *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977). Specifically, he argues that the trial judge failed to consider the fact that Appellant acted under "strong provocation," [5] i. e. his loss of job, depression and the

---

5. 42 Pa.Cons.Stat.Ann. § 9722 (Purdon 1980), formerly 18 Pa.Cons. Stat.Ann. § 1322 (Purdon 1974), provides, in pertinent part:
   The following grounds, while not controlling the discretion of the court shall be accorded weight in favor of an order of probation.
   . . . .
   (3) The defendant acted under strong provocation.
   . . . .

influence of his co-defendants. Appellant further asserts that the court imposed a sentence of total confinement without considering and/or particularizing the necessity therefor, as required by the Sentencing Code.[6] Clearly, the individualized determination inherent in the sentencing process requires, at a minimum, consideration of the particular circumstances of the offense and the character of the defendant. *Commonwealth v. Martin*, 466 Pa. 118, 133, 351 A.2d 650, 658 (1976); *See also: Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). The trial judge should, when imposing sentence, consider the Sentencing Code.[7] *Commonwealth v. Levenson*, 282 Pa.Super. 406, 422 A.2d 1355 (1980). However, no case has held that the Sentencing Code sets forth exclusive and inflexible criteria. Rather, our cases hold that a statement of reasons should not be held insufficient when it is apparent that the court considered and applied the code even though it made no explicit reference to these guidelines. *Commonwealth v. Zimmerman*, 282 Pa.Super. 286, 1125, 422 A.2d 1119, 1125 (1980).

Our review of the record reveals that the lower court complied with the requirements of the Sentencing Code and the requirements of *Martin* and *Riggins*. The court was aware of Appellant's background and gave lengthy and deliberate consideration to all details of the nature and circumstances of the crime as well as the history, character and condition of the defendant as required by section 9725.

6. 42 Pa.Cons.Stat.Ann. § 9725 (Purdon 1980), formerly 18 Pa.Cons. Stat.Ann. § 1325 (Purdon 1974). This section provides:

The court shall impose total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:

(1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;

(2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

(3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

7. 42 Pa.Cons.Stat.Ann. § 9701 et seq. (Purdon 1980), formerly 18 Pa.Cons.Stat.Ann. § 1301 et seq. (Purdon 1974).

Furthermore, the sentencing colloquy clearly indicates, although not phrased precisely in the language of the Sentencing Code, that the trial court concluded that a lesser sentence would depreciate the seriousness of the crime, and that Appellant was in need of correctional treatment that could best be provided by commitment to an institution.

■ In connection with Appellant's assertion that he acted under "strong provocation," we conclude that loss of a job, depression and the influence of co-defendants, neither severally nor taken together, are sufficient, quantitatively or qualitatively, to be considered "strong provocation" insofar as section 9722 is concerned.

We have previously noted, in *Commonwealth v. Pauze*, 265 Pa.Super. 155, 158, 401 A.2d 848, 849 (1979), that great deference is to be given to the trial court's discretion in sentencing, and that the reasons must be set out in the record so that a determination can be made that discretion was, in fact, exercised. The lower court was sufficiently explicit in its reasons for imposing a sentence of total confinement, and we will not disturb the exercise of its discretion.

Finally, Appellant contends that because (a) he is poor, (b) this was his first criminal conviction, (c) the burglaries were mostly small, (d) the weapon used was not loaded, and (e) the crimes were committed within a very short period of time, the sentence was manifestly excessive, and the trial court's refusal to modify it constituted an abuse of discretion.

■ In order for a sentence to constitute an abuse of discretion, the sentence must either exceed statutory limits or be manifestly excessive. *Commonwealth v. Giffin*, 279 Pa.Super. 264, 420 A.2d 1134 (1980), *Commonwealth v. Williams*, 274 Pa.Super. 464, 418 A.2d 499 (1980).

■ Initially we note that the sentence was well within the statutory limits. The maximum imprisonment that Appellant could have received as a result of the various guilty pleas was one hundred twenty-five (125) years.

Secondly, the trial court properly considered the protection of the public, the gravity of the offense and the rehabilitative needs of the Appellant, as well as his character and the circumstances of the offenses. *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). Given these considerations, we do not find Appellant's sentence to be manifestly excessive. Rather, we quite agree with the trial court's understated observation that the sentences "are modest in relation to the severity and types of crimes committed." (Opinion, p. 9).

The order denying modification of sentence is affirmed.