447 A.2d 994

COMMONWEALTH of Pennsylvania

v.

David V. THOMAS, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 6, 1981.

Filed July 2, 1982.

Colie B. Chappelle, Philadelphia, for appellant.

Michelle G. Lehr, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, McEWEN and POPOVICH, JJ.

POPOVICH, Judge:

Appellant, David Thomas, entered pleas of guilty to seven counts of forgery, two counts of theft by deception, and one count of criminal conspiracy. No petition to withdraw the guilty pleas was filed, and appellant was sentenced to concurrent terms of imprisonment of not less than two years nor more than five years on each count. The court also indicated that it would consider appellant for a work release program upon presentation by the prison authority.

Subsequently, appellant filed a timely petition to reconsider his sentence which was denied. This appeal followed.

On appeal, appellant raises four issues concerning the legality of his sentence. He contends that the sentence was illegal: (1) due to the fact that it was based upon an impermissible sentencing factor (i.e., retribution); (2) since it was based upon vague and insufficient information; (3) because the trial court failed to provide a written statement of reasons for deviating from the Sentencing Code, 42 P.C.S.A. § 9721 et seq.; and, (4) because the trial court improperly applied the applicable sentencing guidelines. Appellant also contends that his notice of appeal was filed timely because counsel complied with the instruction given by the trial court in open court. For the reasons herein stated, the judgment of sentence is affirmed.

Initially, this Court must respond to the prosecution's contention that the appeal should be quashed because it was filed untimely.

The facts pertinent to this aspect of the appeal are undisputed and reveal the following:

On April 15, 1980, appellant's sentence was imposed. A timely petition to reconsider appellant's sentence was filed. The trial court denied appellant's petition on May 9, 1980. Appellant then filed a notice of appeal on June 6, 1980, which was less than thirty days after the court denied appellant's reconsideration petition but more than thirty days from the date on which the judgment of sentence was imposed.

On October 31, 1980, the prosecution petitioned this Court to quash appellant's appeal as untimely filed. However, this Court denied the prosecution's petition without prejudice to argue the issue on appeal. Additionally, appellant's petition for bail pending appeal was granted by the court below.

It is undisputed that the lower court did not vacate the prior judgment of sentence nor did it grant appellant's reconsideration petition. In this connection, we have said the following:

"It cannot be discounted that the lower court *did not* vacate the prior judgment of sentence, either in connection with granting the motion for modification or in order to have additional time within which to consider the motion. Such procedure would have had the same effect as an express order granting reconsideration under Pa.R. App.P. 1701.[2] *See Comment* to Pa.R.Crim.P. 1410. *Hence, the 30-day period for appeal ran continuously. Commonwealth v. Wilkinson,* 260 Pa.Super. 77, 79, 393 A.2d 1020, 1021 (1978). As a result, the sentencing court had only 30 days from the imposition of sentence within which to act to modify the sentence. *See Comment* to Pa.R.Crim.P. 1410; *see also* 42 Pa.C.S.A. § 5505 (Pamphlet, 1980); Pa.R.App.P. 1701.

---

2 We note that pursuant to Pa.R.A.P. 1701, unlike Pa.R.Crim.P. 1410, the lower court's granting of a reconsideration motion tolls the appeal period, in addition to rendering inoperative a notice of appeal filed concerning the order for which reconsideration has been granted. *See Penjerdel Refrigeration Corp., Inc. v. R. A. C. S., Inc.,* 296 Pa.Super. 62, 442 A.2d 296 (1982).

In order to cause a notice of appeal from a judgment of sentence to be rendered inoperative under Rule 1410, the lower court, which also considers a motion to modify the sentence, *is required to vacate the*

*sentence within thirty days of the date judgment is entered.* Otherwise, the lower court loses jurisdiction over the matter. *See* Comment to Pa.R.Crim.P. 1410." *Commonwealth v. Corson,* 298 Pa.Super. 51, 55 n. 2, 444 A.2d 170, 172 n. 2 (Emphasis added).

In the instant case, although appellant failed to file a notice of appeal as required by the rules, he did exercise his appellate rights according to the instructions articulated by the trial court at the sentencing hearing. The transcript sets forth the following scenario:

[The Appellant] "Could I say anything?

[The Court] Yes.

[The Appellant] Your Honor, please. I can't. I can't go to jail. Your Honor, I realize what I have done. I honestly realize what I have done. Please, I can't go to jail. I can't.

[The Court] Now, Mr. Thomas, you have just been sentenced by this Court. You now have the right to file an appeal to the Superior Court and also to the representation of counsel in the filing and preparation of that appeal.

Your appeal must be filed within 30 days from today or you will lose the right to file it.

Your lawyer, if you ask him to do so, will assist you in the preparation and filing of the appeal papers.

If you are indigent, that is, if you are without sufficient funds, you have the right to proceed informa pauperis, that is, without payment of costs or payment for the notes of testimony, and in that case you will also be entitled to have the Court appoint either your trial lawyer or another lawyer to represent you in the Appellate Court, free of charge.

You also have the right to file a motion challenging the propriety of your sentence and the validity of your plea of guilty. Such a motion must be in writing and must be filed within ten days from today or you will lose the right to file it.

You are entitled to be represented by counsel in preparing and litigating such a motion.

If you are without sufficient funds, the Court will appoint counsel for you free of charge to prepare and litigate such a motion.

*If you file such a motion, you will have 30 days from the disposition of the motion to file an appeal. Only claims or grounds raised in this Court may be raised on appeal.*

Do you understand everything I have said?

[The Appellant] Yes.

[The Court] Do you want anything explained?

[The Appellant] No."

Sentencing Transcript at 40–42 (Emphasis added).

As is evident from the colloquoy, supra, the trial court misinformed the appellant since an appeal had to be taken within *thirty days of the judgment of sentence.* *See* Pa.R. Crim.P. 1405(c)(1) ("At the time of sentencing, the judge shall . . . advise the defendant on the record: (1) of his right to appeal *and the time within which he must exercise such right* . . .) (Emphasis added). *Accord Commonwealth v. Dormon*, 272 Pa.Super. 149, 154 n. 6, 414 A.2d 713, 716 n. 6 (1979). Under these circumstances, we cannot assume, as does the prosecution, that appellant's decision to exercise his appellate rights late was done in a knowing, intelligent, and voluntary manner since appellant was led to believe that a direct appeal could be taken to a higher court within thirty days from the disposition of his motion to challenge his sentence. *See Commonwealth v. Cathey*, 477 Pa. 446, 449, 384 A.2d 589, 590 (1978) (where the trial court failed to inform a defendant of his right that only those grounds which are raised in post-verdict motions can be asserted on appeal, defendant did not knowingly and intelligently waive his right to appeal); *Commonwealth v. Myers*, 427 Pa. 104, 108, 233 A.2d 220, 222 (1967) (where the court harbored under an erroneous assumption "that appellant had to vigorously assert his desire to appeal or suffer a waiver, the court below erred.") (Cases omitted). Moreover, our Supreme Court has said that "[t]he right to appeal is a personal right which a defendant may relinquish *only* through a knowing, intelligent and voluntary waiver." *Commonwealth v. Cath-*

*ey*, 477 Pa. at 449, 384 A.2d at 590 (Cases omitted) (Emphasis added). Additionally, before we may find a waiver of the right to appeal, "the accused must be aware of *all* of his rights incident to an appeal, *and with such knowledge intentionally* abandon or fail to exercise them. . . ." *Commonwealth v. Maloy*, 438 Pa. 261, 263, 264 A.2d 697, 698 (1970) (Emphasis added). Thus, we cannot conclude on the state of the instant record that appellant's appeal should be quashed when he was not aware that an appeal had to be taken within thirty days of the date on which court imposed his sentence. Accordingly, we will consider appellant's appeal as if it had been filed timely.

With respect to the sentencing issues raised by appeal, we have engaged in an independent review of the record and conclude that they are without merit.

Appellant's bail is hereby revoked, and appellant is remanded to the custody of the court below for the resumption of his sentence.

Judgment of sentence affirmed.