528 A.2d 168

COMMONWEALTH of Pennsylvania

v.

Alexander J. BOGDEN, Jr., Appellant.

Superior Court of Pennsylvania.

Argued March 3, 1987.

Filed June 5, 1987.

Reargument Denied July 27, 1987.

David F. Pollock, Waynesburg, for appellant.

Charles J. Morris, District Attorney, Waynesburg, for Com., appellee.

Before CAVANAUGH, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This is an appeal from a judgment of sentence for driving under the influence of alcohol by the appellant, Alexander J. Bogden. We affirm.

On June 13, 1986, a jury found the appellant guilty of driving while intoxicated but not guilty of homicide by vehicle. No post-verdict motions were filed.

On June 24, 1986, the appellant was sentenced to one year less one day to two years less two days and fined $2,500. The next day, a Motion for Reconsideration of Sentence was filed and a hearing was conducted as a result thereof on July 1, 1986. Counsel for the appellant orally argued that (1) the sentence imposed exceeded the sentencing guidelines, (2) no pre-sentence report was ordered as required in

first offense cases, as well as the absence of a contemporaneous statement as to the court's reasons for deviating from the Sentencing Guidelines, and (3) the fine was issued without inquiry into the appellant's ability to pay.

The appellant testified at the modification hearing concerning his age (60 years old), work history (coal miner for twenty-two years) and marital status (divorced). He also remarked about refraining from drinking and driving since the accident and regretting the loss of a life because of his actions.

Imprisonment at his age, offered the appellant, would impinge upon his ability to secure employment on his release from jail.

At the completion of the hearing, the court continued the appellant's bond and ordered a pre-sentence report to be prepared by the Greene County Probation Office.

On September 8, 1986, a second hearing on the appellant's Motion for Reconsideration of Sentence was held. Counsel for the appellant argued for the imposition of a sentence of probation in lieu of the one to two years imprisonment previously handed down.

The court, in consideration of the appellant's Motion, vacated its June 24, 1986 order imposing sentence and "resentenced" the appellant. In doing so, the court examined the appellant's financial circumstances in deciding to reinstate the $2,500 fine. Likewise, the court re-imposed the identical term of imprisonment as had been issued earlier.

Prior to the completion of the hearing, the appellant was advised of his rights to take exceptions to the sentence by filing a motion to that effect within ten days, and that an adverse ruling would have to be appealed within thirty days thereof to Superior Court.

No motion to modify the sentence was filed because of counsel's belief that:

> ... procedurally we no longer have the option of filing exceptions to this order since this is the order of sentence

handed down in response to our first set of exceptions; therefore, the time has now begun to run for Mr. Bogden to decide whether or not to appeal.

To effectuate what transpired at the hearing, an order was issued on September 8, 1986 by the court vacating its June 24, 1986 sentence and imposing an identical sentence, but this time it was done with the benefit of a pre-sentence report. Also, an opinion in support of the sentence was filed on September 9 which responded to the allegations of impropriety as to the sentence. This was followed by a memorandum opinion by the same court supplementing its earlier opinion. This timely appeal followed.

In the appellant's "Statement Of The Questions Involved" appears the following:

A. WAS THE SENTENCE WITHIN THE SENTENCING GUIDELINES?—No.

B. WAS A CONTEMPORANEOUS WRITTEN STATEMENT FILED WHICH GAVE THE REASONS WHY THE SENTENCE EXCEEDED THE SENTENCING GUIDELINES?—No.

C. WAS ANY IMPERMISSIBLE FACTOR RELIED UPON IN PART OR IN WHOLE IN HANDING DOWN THE SENTENCE?—Yes.

D. WAS A SENTENCE OF TOTAL CONFINEMENT INCONSISTENT WITH THE FACTORS ENUMERATED IN 18 PA. C.S.A. § 1325 AND THEREFORE IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS?—Yes.

E. WAS THE FINE IMPOSED EXCESSIVE UNDER 42 PA. C.S.A. § 9725(b) AND WHEN COMPARED TO PRIOR SENTENCES IN THE SAME JURISDICTION. —Yes.

(Appellant's Brief at 4)

Before addressing the merits of the appellant's complaints, we must determine, as is our right and obligation, whether this Court has jurisdiction to hear the appeal, and we do so despite no objection from any of the parties

involved. See *Commonwealth v. Dorman,* 272 Pa.Super. 149, 414 A.2d 713 (1979).

■ It is well-settled in this Commonwealth that a Court of Common Pleas retains jurisdiction over a case, in the absence of an appeal being taken, for a period of thirty days after the order in question has been entered. See 42 Pa.C.S. § 5505. This has been interpreted to mean that a sentencing court has only thirty days from the imposition of sentence within which to act to modify the sentence. See *Commonwealth v. Thomas,* 301 Pa.Super. 333, 447 A.2d 994 (1982); Comment to Pa.R.Crim.P. 1410. The failure of the sentencing court to act within the thirty-day appeal period will normally result in the loss of jurisdiction to modify sentence and is exemplified by the remarks of this Court in *Commonwealth v. Corson,* 298 Pa.Super. 51, 444 A.2d 170 (1982), wherein we responded, for the sake of argument, to the timeliness of an appeal taken from the denial of a motion to modify sentence heard beyond the thirty-day period following the imposition of sentence where the sentence was not vacated prior to the expiration of the stated time period. We wrote:

> It cannot be discounted that the lower court *did not* vacate the prior judgment of sentence, either in connection with granting the motion for modification or in order to have additional time within which to consider the motion. Such procedure would have had the same effect as an express order granting reconsideration under Pa.R. App.P. 1701.[2] *See Comment* to Pa.R.Crim.P. 1410. Hence, the 30–day period for appeal ran continuously. *Commonwealth v. Wilkinson,* 260 Pa.Super. 77, 79, 393 A.2d 1020, 1021 (1978). As a result, the sentencing court had only 30 days from the imposition of sentence within which to act to modify the sentence. *See Comment* to Pa.R.Crim.P. 1410; *see also* 42 Pa.C.S.A. § 5505 (Pamphlet, 1980); Pa.R.App.P. 1701. Consequently, the lower court *did not* have jurisdiction over the case so as to conduct a hearing (on July 7, 1981) regarding the merits of appellant's motion for modification of sentence some

four and one-half (4–½) months after the Motion was filed (on February 20, 1981). *Ibid.*

2. We note that pursuant to Pa.R.App.P. 1701, unlike Pa.R.Crim.P. 1410, the lower court's granting of a reconsideration motion tolls the appeal period, in addition to rendering inoperative a notice of appeal filed concerning the order for which reconsideration has been granted. *See Penjerdel Refrigeration Corp., Inc. v. R.A.C.S., Inc.,* [296] Pa.Super. [62], 442 A.2d 296 (1982).

In order to cause a notice of appeal from a judgment of sentence to be rendered inoperative under Rule 1410, the lower court, which also considers a motion to modify the sentence, *is required to vacate the sentence within thirty days of the date judgment is entered.* Otherwise, the lower court loses jurisdiction over the matter. *See Comment* to Pa.R.Crim.P. 1410.

298 Pa.Super. at 55 & n. 2, 444 A.2d at 172 & n. 2 (Emphasis in original).

Instantly, albeit a motion to modify and a hearing thereon all occurred in a timely fashion following the imposition of sentence on June 24, 1986, the court below neglected to vacate the sentence when it granted the motion to modify. This would normally be jurisdictionally fatal. See *Commonwealth v. Lynch,* 304 Pa.Super. 248, 450 A.2d 664 (1984). However, the particular facts of this case counsel against quashing the appellant's appeal on the ground of untimeliness.

In explaining, we observe that at the outset of the June 24, 1986 sentencing proceeding, the court advised the appellant:

You have a right, after this sentencing today, to take exceptions to the sentence by filing those exceptions in this Court within ten (10) days of sentencing. *If after the Court disposes of those exceptions to your detriment, you then have 30 days to take an appeal to the Superior Court of Pennsylvania.*

(Sentencing Hearing at page 2) (Emphasis added)

■ The appellant did as he was told in that he did not take an appeal until "after the Court dispose[d]" of his motion to modify, even though disposition of the motion did not occur until (September 8, 1986) more than two and one-half months following the imposition of sentence (on June 24, 1986).

It is obvious that the court below misinformed the appellant in not advising him that an appeal had to be taken within thirty days of the entry of sentence. See Pa.R. Crim.P. 1405(c)(1). Accordingly, we cannot fault the appellant for failing to act timely under our Rules of Appellate Procedure. See Pa.R.App.P. 903(a). Thus, the appeal will not be quashed for being untimely since it was perfected within thirty days of the court's vacation of the original sentence on September 8, 1986. See *Thomas,* supra.

An additional hurdle which we must clear prior to responding to the appellant's complaints relates to a determination of whether the issues raised have been preserved for appellate review.

██ It will be recalled that counsel for the appellant filed a motion to modify with regard to the initial sentence. Nonetheless, he was of the opinion that this procedure did not have to be followed a second time when the first sentence was vacated at the September 8, 1986 reconsideration hearing and a new (although identical) sentence was issued. This is erroneous.

As this Court held in *Commonwealth v. Broadie,* 339 Pa.Super. 394, 399, 489 A.2d 218, 220 (1985):

> ... Pa.R.Crim.P. 1410 requires that a motion to modify sentence be filed with the sentencing court within ten days after imposition of the modified sentence in order to preserve any sentencing issues.

This did not transpire below. Therefore, the failure to file a second motion to modify subsequent to the September 8 proceeding waives all sentencing issues by the appellant, except for those involving the legality of the sentence. *Id.*

With the preceding in mind, we conclude that all issues are waived for not being properly preserved for appellate review.

In Point A, the appellant questions whether "the sentence [was] within the sentencing guidelines[.]"

Because the offense for which the appellant was convicted (i.e., driving under the influence of alcohol) is labelled a

misdemeanor of the second degree, the potential sentence which could have been imposed, given the appellant's first-offender status, ranged from a minimum of not less than 48 consecutive hours to not more than two years in prison. See 75 Pa.C.S. § 3731(e)(1)(i) (Supp.1986) and 18 Pa.C.S. § 1104(2). Thus, the sentence of one year less one day to two years less two days issued by the court below is legislatively permitted. Accordingly, the legality of the sentence is not implicated nor raised in the appellant's first issue (or, for that matter, in any of the remaining issues) sought to be reviewed.

Therefore, the appellant's initial claim relates to the discretionary aspects of the sentence, and, as such, is controlled by 42 Pa.C.S. § 9781(b)'s requirement that a "substantial question" must appear as to the sentence not being appropriate under the Sentencing Code to warrant its review by an appellate court.

Our Supreme Court has spoken on the rigors of appellate briefing as a condition precedent to securing assessment of the merits of an assault on the discretionary aspects of a sentence in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).

In *Tuladziecki*, it was the Commonwealth which appealed a five-year probation for a drug conviction on the grounds that it was outside the Sentencing Guidelines and unreasonable. Superior Court agreed, reversed and remanded for re-sentencing. The defendant's appeal to the Supreme Court was granted to examine the manner in which the Commonwealth secured Superior Court review of the defendant's sentence.

The end result was the Supreme Court's conclusion that the Commonwealth's failure to set forth in its brief to Superior Court a "concise statement of the reasons relied upon for allowance of appeal" was at odds with the applicable Rules of Appellate Procedure (i.e., Rules 2116(b), 2119(f), 902 and accompanying Note) governing appeals from the discretionary aspects of a sentence.

Such rules of procedure, wrote the *Tuladziecki* Court, are to "be followed precisely" and cannot be circumvented by assessing "the argument on the merits of the issue to justify *post hoc* a determination that a substantial question exists." 513 Pa. at 513, 522 A.2d at 19.

Albeit the Commonwealth was not instructed to show the existence of a "substantial question" that the sentence imposed was inappropriate in any particular section of its brief, nonetheless, the *Tuladziecki* Court cautioned that this criterion had to be satisfied "at some point" in accordance with 42 Pa.C.S. § 9781(b) to invoke Superior Court's jurisdiction. We have interpreted this to mean that it would be advisable to have the "substantial question" demonstrated immediately preceding the argument on the merits. See *Commonwealth v. Hawthorne*, 364 Pa.Super. 125, 134, 527 A.2d 559, 563 (1987), wherein we wrote on this exact subject:

The Majority in *Tuladziecki* would appear to require the party (be it the Commonwealth or a defendant) appealing the discretionary aspects of a sentence to set forth "at some point" in his brief (preferably, immediately preceding the argument on the merits) reasons ("statement") why an appeal should be granted. This is consistent with the treatment by the Rules of Appellate Procedure of one's Notice of Appeal as a "petition for allowance of appeal" under the Sentencing Code (see Note to Pa.R.App.P. 902 and 42 Pa.C.S. § 9781(b)), which, in effect, defers the formal submission of a petition for allowance of appeal until the briefing stage. *Tuladziecki*, supra.

Once at the briefing stage, given *Tuladziecki's* view that a "Notice" is the equivalent of a "Petition", we deem it advisable to look to Pa.R.App.P. 1115 for some direction as to the form and content one's brief should take in perfecting an appeal from the discretionary aspects of a sentence. For example, Pa.R.App.P. 1115 requires that the petitioner list various items of information, one of which is a "concise statement of the reasons relied upon

for allowance of an appeal." Rule 1115(a)(5). The order in which it is to be included in the petition (which, instantly, would be one's brief) is recommended, insofar as practicable, to be in the sequence which appears in the Rule. This has been interpreted by the Supreme Court as requiring the presentment and examination of such a statement of reasons "at some point" in this procedural maze, but always "prior to examination of and ruling on the merits of the issue of the appropriateness of the sentence[.]" 513 Pa. at 513, 522 A.2d at 19.

There can be no substitution for this "concise statement of reasons" by referring to the argument section of one's brief, as appears to have occurred by the Superior Court panel in *Tuladziecki* and made mention of by Justice Larsen in footnote 2 of his dissent. To do so, according to the Majority in *Tuladziecki*, would be to permit an appellate court "to rely on its assessment of the argument on the merits of the issue to justify *post hoc* a determination that a substantial question exists." 513 Pa. at 513, 522 A.2d at 19. Thus, an assessment of the merits of the issue(s) must be preceded by a demonstration by the appellant that a "substantial question" exists in the case on appeal.

■ At bar, the appellant, as in *Tuladziecki* (there it was the Commonwealth; here it is a defendant), not only failed to articulate any reasons raising a "substantial question" regarding the discretionary aspects of the sentence, but he did not even make any effort to do so. This deficiency, the presence of which can be raised sua sponte given the jurisdictional predicate involved (see *Hawthorne*, supra), cannot be overlooked under the mandate of our Supreme Court in *Tuladziecki*, supra.

Accordingly, because of the shortcomings in Bogden's brief in regard to the "substantial question" criterion needed to be satisfied prior to our review of any claim associated therewith, the sentencing allegation in Point A is held not to be preserved for our review. Alternatively, the appellant's failure to challenge (and establish) the impropriety of the

sentence in Point A renders the matter waived since it should have been (and was not) raised in a motion to modify following the vacation of the June 24, 1986 sentence and the imposition of a new one on September 8, 1986. See *Broadie,* supra.

The remaining issues are equally not subject to review because they do not question the legality of the sentence[1] and, as such, are waived for not having been raised initially before the court below in a second motion to modify following the vacation of the sentence on September 8, 1986 and the imposition of a new (but identical) sentence by order of even date.[2] See *Broadie,* supra.

Judgment of sentence affirmed.

MONTGOMERY, J., concurs in the result.

1. The illegality of sentence is not a waivable matter and may be considered by the appellate courts of this Commonwealth sua sponte. See *Commonwealth v. Barnhart,* 345 Pa.Super. 10, 497 A.2d 616 (1985); *Commonwealth v. Cooke,* 342 Pa.Super. 58, 492 A.2d 63 (1985); *Commonwealth v. Hernandez,* 339 Pa.Super. 32, 488 A.2d 293 (1985); *Commonwealth v. Vazquez,* 328 Pa.Super. 86, 476 A.2d 466 (1984); *Commonwealth v. Watts,* 319 Pa.Super. 137, 465 A.2d 1267 (1983); *Commonwealth v. Ford,* 315 Pa.Super. 281, 461 A.2d 1281 (1983); *Commonwealth v. Roach,* 307 Pa.Super. 506, 453 A.2d 1001 (1982); *Commonwealth v. Fortune,* 305 Pa.Super. 441, 451 A.2d 729 (1982); *Commonwealth v. Gilliam,* 302 Pa.Super. 50, 448 A.2d 89 (1982); *Commonwealth v. Thomas,* 291 Pa.Super. 263, 435 A.2d 901 (1981); *Commonwealth v. Welch,* 291 Pa.Super. 1, 435 A.2d 189 (1981); *Commonwealth v. Schilling,* 288 Pa.Super. 359, 431 A.2d 1088 (1981); *Commonwealth v. Usher,* 246 Pa.Super. 602, 371 A.2d 995 (1977).

2. In particular, as to the appellant's waiver of his argument for not raising it below in regard to Point B see *Commonwealth v. Walls,* 481 Pa. 1, 391 A.2d 1064 (1978); *Commonwealth v. Parente,* 294 Pa.Super. 446, 440 A.2d 549 (1982); *Commonwealth v. Turecki,* 278 Pa.Super. 511, 420 A.2d 658 (1980); *Commonwealth v. Morris,* 273 Pa.Super. 477, 417 A.2d 748 (1979), rev'd on other grounds, 492 Pa. 565, 424 A.2d 1336 (1981). As for Point C see *Commonwealth v. Shoemaker,* 462 Pa. 342, 341 A.2d 111 (1975); *Commonwealth v. Garrison,* 292 Pa.Super. 326, 437 A.2d 407 (1981); *Commonwealth v. Graves,* 275 Pa.Super. 557, 419 A.2d 41 (1980); *Commonwealth v. Fields,* 251 Pa.Super. 287, 380 A.2d 491 (1977). On Point D see *Commonwealth v. Piper,* 458 Pa. 307, 328 A.2d 845 (1978); *Commonwealth v. Boone,* 467 Pa. 168, 354 A.2d 898 (1975). Lastly, as for Point E see *Commonwealth v. Martin,* 328 Pa.Super. 498, 477 A.2d 555 (1984).