**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Alfred Columbus SPARKS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 12, 1999.

Filed Aug. 18, 1999.

Christine F. Konzel, Erie, for appellant.

Lisa M. Schlosser, Assistant District Attorney, Erie, for appellee.

Before JOYCE, STEVENS, and TAMILIA, JJ.

STEVENS, J.:

¶ 1 Appellant Alfred Columbus Sparks appeals from the judgment of sentence entered upon his conviction for the charge of escape and contends that the sentencing court improperly graded the severity of the offense as a felony of the third degree, rather than as a misdemeanor of the second degree, pursuant to 18 Pa.C.S. § 5121(d). We find that Appellant removed himself from "official detention," and thus, satisfied the statutory requirements for a felony conviction.

¶ 2 The relevant facts and procedural history are as follows: Appellant was on state parole from two prior felony convictions; Appellant was deemed in violation of his parole and, as a result, was arrested for those violations; Appellant was placed under arrest and handcuffed at his residence by Pennsylvania State Parole Agent Sheldon Portho. As Agent Portho attempted to place Appellant in the rear of his government vehicle, he broke free and ran away. Appellant was found and apprehended the following day with his handcuffs cut.

¶ 3 Appellant was subsequently convicted in the Court of Common Pleas of Erie County and sentenced for felony three escape pursuant to 18 Pa.C.S. § 5121(d). This timely appeal follows.

¶ 4 Appellant's sole claim on appeal is that the trial court erred in grading his escape offense as a felony in the third degree since his escape was from a parole violation. Appellant further claims that his offense should have been graded as a misdemeanor.

¶ 5 In pertinent part, 18 Pa.C.S.A § 5121 provides as follows:

§ 5121. Escape

(a) Escape.—A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period.

. . .

(d) Grading.—

(1) An offense under this section is a felony of the third degree where:

(i) the actor was under arrest for or detained on a charge of felony or following conviction of crime;

(ii) the actor employs force, threat, deadly weapon or other dangerous instrumentality to effect the escape; or

(iii) a public servant concerned in detention of persons convicted of crime intentionally facilitates or permits an escape from a detention facility.

(2) Otherwise an offense under this section is a misdemeanor of the second degree.

18 Pa.C.S. § 5121.

¶ 6 The sentencing court, in its Opinion dated March 2, 1999, sentenced Appellant under 18 Pa.C.S. § 5121(d)(1)(i) because Appellant was arrested for parole violations stemming from two prior felony convictions, thus, he was absconding from felony charges.[1]

¶ 7 Appellant escaped from official detention and was currently paroled from two felony convictions. This Court has held that parole is the legal equivalent of imprisonment. *See Commonwealth v. Thomas*, 291 Pa.Super. 263, 435 A.2d 901 (1981). Moreover, while parole is a penological measure for prisoners who seem capable of rehabilitation outside prison walls, it does not effect a prisoner's sentence. *See Rivenbark v. Com. Bd. of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985).

1. There is no issue as to whether Appellant was under "official detention."

¶ 8 Instantly, Appellant was convicted and is currently serving a sentence for a felony conviction. The fact that Appellant was placed in official detention because of parole violations is of no matter; Appellant was under detention pursuant to his conviction for two felonies, thus, subject to felony escape provisions. Therefore, the trial court's grading of Appellant's offense was proper.

¶ 9 Based on the forgoing, we affirm the decision of the trial court.

¶ 10 Affirmed.