J-A10015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                     :  PENNSYLVANIA
                                     :

          v.                             :
                                     :

RICHARD H. HAVERSTOCK, JR.     :
                                     :

        Appellant           :   No. 3343 EDA 2018

Appeal from the Order Dated October 18, 2018
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0003895-2011

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:         **FILED APRIL 30, 2019**

Richard H. Haverstock, Jr., appeals, *pro se*, from the order, entered in the Court of Common Pleas of Northampton County, dismissing his "Motion for Reconsideration of Sentence and also Filed to Rule 1410, PA.R.Crim.P. [*sic*]."  Upon review, we affirm.

On May 7, 2012, Haverstock entered a plea of *nolo contendere* to charges of aggravated assault of a person less than 13 years old, indecent assault of a person less than 13 years old, and endangering the welfare of children.  The charges related to Haverstock's sexual abuse of his fiancee's then-11-year-old daughter.  The court sentenced Haverstock to an aggregate term of 5 to 14 years' incarceration and found him to be a sexually violent predator ("SVP").  Haverstock's post-sentence motions were denied and he did not file a direct appeal.

Haverstock subsequently filed three petitions pursuant to the Post Conviction Relief Act ("PCRA"),[1] all of which were denied. On October 17, 2018, Haverstock filed the instant motion, in which he claimed his sentence was "manifestly harsh and excessive" and sought modification of his sentence based on his good behavior in prison. Haverstock also claimed that his sentence was illegal because it included a mandatory minimum in violation of **Alleyne**.[2] He also referenced an unspecified violation of his plea bargain by the Commonwealth. By order dated October 18, 2018, the trial court denied Haverstock's motion. Haverstock filed a timely notice of appeal, followed by a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Thereafter, the trial court issued a Rule 1925(a) memorandum in which it stated it denied Haverstock's "odd filing" because it was "procedurally defective" and the court lacked jurisdiction to entertain it. Trial Court Memorandum, 11/20/18, at 3.

Haverstock raises the following claim, *verbatim*, on appeal:

Whether there was abuse of discretion for the common pleas court to reconsider or modify the appellant sentence, under Rule 1410 Pa.R.P.,[3] seeks to modify and reduce the sentence and also section 972(b) pursuant, Pa.R.Crim. 907(1) and 908(A)(2) also Pa.S.Sec. 9718.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] **Alleyne v. United States**, 570 U.S. 99 (2013).

[3] It appears Haverstock is referring to former Rule of Criminal Procedure 1410, governing post-sentence procedures. Rule 1410 was renumbered as Rule 720, effective April 1, 2001.

Brief of Appellant, at [4] (unnecessary italics, bolding, and capitalization omitted).

Prior to reaching the merits of Haverstock's claim, we must determine whether the trial court possessed jurisdiction to entertain his motion. The primary complaint raised in the motion was that Haverstock's sentence was excessive and harsh and that the court failed to consider mitigating circumstances. Such a claim raises a challenge to the discretionary aspects of Haverstock's sentence.

> It is well-settled in this Commonwealth that a Court of Common Pleas retains jurisdiction over a case, in the absence of an appeal being taken, for a period of thirty days after the order in question has been entered. **See** 42 Pa.C.S. § 5505. This has been interpreted to mean that a sentencing court has only thirty days from the imposition of sentence within which to act to modify the sentence. The failure of the sentencing court to act within the thirty-day appeal period will normally result in the loss of jurisdiction to modify sentence

***Commonwealth v. Bogden***, 528 A.2d 168, 169–70 (Pa. Super. 1987) (some citations omitted).

Here, Haverstock filed his motion for reconsideration of sentence more than six years after his sentence was imposed. Accordingly, the trial court was without jurisdiction to consider Haverstock's patently untimely motion.

Even if Haverstock's petition were treated as a PCRA petition, he would be entitled to no relief. A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed

final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); *see also Commonwealth v. Pollard*, 911 A.2d 1005, 1007 (Pa. Super. 2006). In Haverstock's case, his judgment of sentence became final on or about September 17, 2012, at the expiration of time to file a direct appeal to this Court. Thus, he had one year from that date, or until September 17, 2013, to file a timely PCRA petition. Johnson filed the instant motion on October 17, 2018, more than six years after his judgment of sentence became final. Accordingly, the court had no jurisdiction under the PCRA unless Haverstock pleaded and proved one of the three statutory exceptions to the

J-A10015-19

time bar.[4]  *See* 42 Pa.C.S.A. § 9545(b).  Haverstock did not do so.[5]

Accordingly, the trial court had no jurisdiction to entertain his claims and properly denied relief.

Order affirmed.

_____

[4] The statutory exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

[5] We note that claims regarding the discretionary aspects of a sentence, such as that raised by Haverstock in his motion, are not cognizable under the PCRA. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007). Thus, even if Haverstock's motion were timely filed under the PCRA, he would be entitled to no relief.  Haverstock also raised a challenge to the legality of his sentence.  While legality claims are cognizable under the PCRA and are not subject to waiver, a petitioner must still satisfy the PCRA's jurisdictional time-bar to be afforded relief. *See Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007) (when petitioner files untimely PCRA petition raising legality-of-sentence claim, claim not waived, but jurisdictional limits of PCRA itself render claim incapable of review).  Because Haverstock's petition was patently untimely and he did not plead and prove any exception to the time bar, he is not entitled to relief.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/19