464 A.2d 1343

COMMONWEALTH of Pennsylvania

v.

Jeffrey KATZ, Appellant.

Superior Court of Pennsylvania.

Argued April 14, 1983.

Filed Aug. 19, 1983.

Robert A. Rovner, Feasterville, for appellant.

Stephen B. Harris, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before HESTER, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence which was imposed upon appellant, Jeffrey Katz, after he entered pleas of guilty to charges of theft by unlawful taking or disposition [1], burglary [2], and criminal conspiracy [3]. The trial court sentenced appellant to a two year term of probation which was conditioned upon payment of restitution. We reverse and remand for the reasons herein stated.

On September 11, 1981, appellant was charged with burglary, theft by unlawful taking or disposition, criminal trespass, and theft by receiving stolen property stemming from the burglary of the D & A Kawasaki dealership in Trevose, Pennsylvania. Appellant and a co-defendant entered pleas of guilty. At the end of the guilty plea hearing on January 6, 1982, appellant was placed on conditional probation for a period of two years and directed to pay the costs of prosecution. However, the court announced that it could not determine the exact amount of restitution until a hearing was held. Approximately three months later, on March 29, 1982, a joint restitution hearing was held, and the trial court ordered the imposition of restitution in the amount of $40,000.00, with each defendant to pay a pro rata share of $20,000.00. This appeal followed.

Appellant argues that the trial court erred when it (1) ordered appellant to pay a pro rata share of restitution in the amount of $20,000.00 without considering appellant's ability to pay; and (2) found appellant and his co-defendant responsible for $40,000.00 worth of merchandise which was missing from the burglary site because this factual finding

1. 18 Pa.C.S.A. § 3921.

2. 18 Pa.C.S.A. § 3502.

3. 18 Pa.C.S.A. § 903.

was based upon insufficient evidence. We agree, in part, with appellant's contention and reverse and remand for proceedings not inconsistent with this opinion.

At the outset, we must address the issue of the timeliness of the instant appeal *sua sponte* since the issue of the timeliness of an appeal is a jurisdictional one and has not been raised by the parties. *See Commonwealth v. Gottshalk,* 276 Pa.Super. 102, 104, 419 A.2d 115, 116 (1980).

Generally, an appeal must be taken within 30 days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a); *see Commonwealth v. Gottshalk, supra.* We have further delineated the prerequisites for taking an appeal and have said that:

"the date of the entry of the order is the day the court imposes sentence on the defendant, informs him of his right to appeal within 30 days, and enters the judgment on the docket." *Id.*

In the instant case, an interesting scenario is presented because on January 6, 1982, the date of appellant's guilty plea hearing, the trial court "placed [appellant] on probation for a period of two years". N.T. Guilty Plea Hearing at 9. The trial court also directed appellant to pay the costs of prosecution. *Id.* Because the prosecution was unable to ascertain the exact amount of restitution, the court announced the following:

[THE COURT:]

"As an additional condition of probation, you are ordered to make restitution. If you can't determine the exact amount of restitution, we will have a hearing for that purpose.

MS. DEVLIN: We don't know the exact amount of restitution.

THE COURT: Well, we will have to wait, I suppose, and see what happens to the other young man involved in this case as well.

As soon as that is determined, it will be a condition of this probation that you make your pro rata share of the restitution.

Do you understand?

MR. ALVIN KATZ: Yes.

THE COURT: All right.

MR. ROVNER: Thank you very much, Your Honor.

THE COURT: You may have thirty days to pay the costs. (Hearing adjourned.)"

N.T. Guilty Plea Hearing at 9–10.

Subsequently, the court held a restitution hearing on March 29, 1982. At the close of the hearing, the trial court ordered the appellant and the co-defendant to make restitution in the amount of $40,000.00, with each defendant to pay $20,000.00. However, the trial court did not inform appellant inter alia of his right to appeal the sentence within thirty days or of his right to file a petition for reconsideration of sentence and the time limit for exercising such rights. *See* Pa.R.Crim.P. 1405.

█ In the instant case, a notice of appeal was filed on April 30, 1982, which was thirty-two days after the date that the court ordered restitution in the amount of $40,-000.00, and one hundred and thirteen days after the date that the court ordered appellant to be placed on two years probation. Because the trial court failed to inform appellant "of his right to appeal and the time within which he must exercise such right", we cannot assume that "appellant's decision to exercise his appellate rights late was done in a knowing, intelligent, and voluntary manner." *Commonwealth v. Thomas*, 301 Pa.Super. 333, 337, 447 A.2d 994, 996 (1982). Thus, we are unable to quash the instant appeal when appellant was not aware that "an appeal had to be taken within thirty days of the date on which [the] court imposed his sentence. Accordingly, we will consider appellant's appeal as if it had been filed timely." *Id.*[4]

Turning to the merits of appellant's argument, we recognize that in Pennsylvania, a trial court may order a defend-

**4.** In view of our disposition, we need not address whether the appeal period ran from the date the court placed appellant on probation or

ant to pay restitution "to compensate the victim of his criminal conduct for the injury that he sustained." 42 Pa.C.S.A. § 9721(c). Additionally, the relevant portions of the restitution statute, 18 Pa.C.S.A. § 1106 provide:

"  *    *    *    *    *    *

**(c) Authority of sentencing court.**—In determining whether to order restitution as a part of the sentence or as a condition of probation or parole, the court:

(1) Shall consider the extent of injury suffered by the victim and such other matters as it deems appropriate.

(2) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just, provided that the period of time during which the offender is ordered to make restitution ... shall not exceed the maximum term of imprisonment to which the offender could have been sentenced for the crime of which he was convicted."

*    *    *    *    *    *

Of course, the Court has elaborated on the issue and stated the following:

"Since an order of restitution is a sentence, whether it is imposed as a direct sentence or as a condition of probation or parole, it must be supported by the record. *Commonwealth v. Fuqua* [267 Pa.Super. 504, 510, 407 A.2d 24, 27 (1979) ]."

*Commonwealth v. Galloway*, 302 Pa.Super. 145, 161, 448 A.2d 568, 576–577 (1982).

We also recognize that:

"it is incumbent upon a sentencing court, before it enters an order of restitution, to consider on the record

from the date that the court ordered appellant to pay restitution in the amount of $20,000.00 as a condition of probation. *See generally Commonwealth v. Walton*, 483 Pa. 588, 397 A.2d 1179 (1979). Although appellant also was not informed of his right to file a motion to withdraw his guilty plea under Pa.R.Crim.P. 1405(c)(2), we observe that appellant has raised no issues regarding the guilty plea proceeding and only challenges the restitution aspect of his sentence. Thus, there is no need to address any other issues.

(1) the amount of the loss suffered by a victim; (2) the fact that such loss was caused by conduct of the defendant; (3) that the amount awarded does not exceed the defendant's ability to pay; and (4) the type of payment that will best serve the needs of the victim and the capabilities of the defendant. *See* 18 Pa.C.S. § 1106(c)(1). *See also Commonwealth v. Seminko, supra* [297] Pa.Super. [418] at 420, 443 A.2d [1192] at 1193; *Commonwealth v. Erb,* [286 Pa.Super. 65, 81, 428 A.2d 574, 582 (1981); *Commonwealth v. Fuqua, supra* 267 Pa.Super. at 510, 407 A.2d at 27."

*Commonwealth v. Wood,* 300 Pa.Super. 463, 467, 446 A.2d 948, 949–50 (1982).

At the restitution hearing Arthur DiLarso, Jr., the owner of D & A Kawasaki, who also was the owner of the building which housed the retail establishment, testified that the building had been closed to the public and that an inventory had been taken of the business two months before the incident as part of the regular inventory process. (N.T. Restitution Hearing at 17). He also testified that the parts which had been missing had a retail value of $88,510.00. The retail value represented a markup figure of "between 40 and 50%". *Id.* at 21. However, DiLarso also stated that "[s]ome other items [we]re only 20%" markup. *Id.* at 21. A three page document labelled "Items missing as a result of break-in Date of offense: 9/10, 9/11/81" was introduced into evidence. Thus, it is clear that the record contains evidence of the victim's loss.

Appellant next contends that the record fails to support the trial court's conclusion that appellant and his co-defendant were responsible for the missing items which had a wholesale value of $40,000.00. We, however, are unable to resolve this issue because the record is incomplete at this stage.

The record shows that a witness, Gregory Bertino, who was about to take over as lessee of the building which housed the Kawasaki dealership testified that he had entered the building on September 10, 1981, and was the last

one to leave. Later that night, he was driving by the building and noticed that the "back window was open, wide open." Restitution Hearing at 7. Although he did not notice any vehicle parked in the parking lot, he did notice a "Ford van" which was "at a parking lot down from the building", approximately one hundred feet away. *Id.* at 8. The witness noticed "two fellows standing outside the van"; however, he was unable to observe them closely. *Id.* At that time, Gregory Bertino went to the police station. Upon his return from the police station, he did not notice any van. The witness did notice, however, that inside the building "a lot of things were moved around and quite a few boxes of parts were stacked up in the office." *Id.* at 9.

The testimony of a police officer established that he had received a police call at about 1:00 a.m. on September 11, 1981. After arriving at the location, the police officer with another officer proceeded to search the building with the assistance of Gregory Bertino. The police found appellant "hiding in a bathroom adjacent to the basement area and also found appellant's co-defendant" in one portion of the business lying on the floor. *Id.* at 4. The police officers discovered that the actors had a "large rental truck approximately 16 feet in length", which was empty and parked approximately 200 feet from the Kawasaki dealership. Motorcycle parts were found in the pockets of one of the defendants, and "several boxes loaded with various types of motorcycle parts and accessories" were located "in the vicinity of the door inside the premises." *Id.* at 5.

The owner of the building testified that he had seen miscellaneous parts in two different locations outside the building. *Id.* at 19–20. Some were over near where the van had been parked, and the other parts were "on the ground leading out the hole in the fence," leading in the direction of the rental truck. *Id.* at 19.

Neither appellant nor his co-defendant testified at the restitution hearing. The appellant's and co-defendant's case consisted of the testimony of the investigating officer, a detective, and appellant's father. Appellant's father testi-

fied that he owned a company which rented the sixteen foot truck in question, but that his son had signed the papers "that evening." *Id.* at 50. The father testified that neither the company nor his son had access to a Ford van. *Id.* at 51.

On this state of the record, the trial court said:

"The *defendants testified that they knew nothing of the other van and that they had arrived at the scene in the van which was found there. They testified that they had not removed anything and had not taken any of the items included on the itemized list by the victim except for a few items which were actually found on their possession when they were arrested. Therefore, they denied that they had taken any of the items which the owners claimed missing and therefore contend that they were not responsible for any restitution.*

As the finder of fact we determined that the items which the owner claimed to be missing were, in fact, missing. We further determined that we did not believe the testimony of the two perpetrators but rather that there had been another van there with perhaps another confederate and that the items which were found missing had already been removed by the time the police arrived and apprehended the defendants. Essentially, we concluded that the defendants were still in the act of burglarizing the premises but had been interrupted after they had removed a substantial number of items. Based upon that we accepted the testimony of the owner regarding the retail value of the items which he found missing. However, the owner testified that the retail value was worth approximately twice the wholesale value of the goods, or the price he paid for them. Therefore, we determined that restitution in this case should be in the sum of $40,000 and allocated a pro rata share to each of the perpetrators apprehended in the sum of $20,000. With this we do not believe we erred and it explains the reason for our order."

Trial Court's Opinion at 3–4. (Emphasis added).

The record at this stage does not support the trial court's summary of facts. In reviewing the trial court's determination, this Court must consider facts only of record. *See Commonwealth v. Rini*, 285 Pa.Super. 475, 427 A.2d 1385 (1981). The trial court's opinion is not considered part of the record. *Commonwealth v. Schwartz*, 267 Pa.Super. 170, 172–73, 406 A.2d 573, 574 (1979); *see also* Pa.R.A.P. 1921.

The record shows that neither the appellant nor the co-defendant testified at the restitution hearing. The record of the guilty plea hearing also fails to indicate that the appellant denied taking the items which the owner claimed were missing. In fact, appellant said "I can't give you a reason why I did it besides the fact that I wanted the stuff." [5] Guilty Plea Hearing at 9.

■ Although the record shows that appellant was responsible for the burglary of the Kawasaki dealership, we are unable to review the amount of restitution ordered by the trial court at this stage because (1) appellant did not have an opportunity to object to the manner at which the trial court arrived at its conclusion that appellant had caused the victim $20,000.00 worth of damage; [6] and, (2) the

5. Although the record refers to a statement which was made by appellant, the contents of the statement have not been included in the record filed with this Court. *See* Restitution Hearing at 45 & 47. As a result, we must conclude on these facts that the trial court's summary of facts is not supported by the record.

6. We note that although a letter dated April 5, 1982, which is addressed from the trial court to defense counsel states that the court will not reconsider the sentence imposed, our decision here is not affected by this communication since it is not a part of the official record. *See Commonwealth v. Rini, supra.*

In order to assist the trial court on remand, we note that this Court has referred to New Jersey law in examining this requirement. *See Commonwealth v. Fuqua*, 267 Pa.Super. at 510, 407 A.2d at 27 ("Among the things the sentencing court must consider on the record [is]: ... the fact that the defendant's action caused the injury and that he will be able to pay for it. *See State v. Harris*, [70 N.J. 586, 362 A.2d 32 (1976) ]"); *See also In Interest of D.G.W.*, 70 N.J. 488, 361 A.2d 513 (1976).

record contains no evidence of appellant's ability to pay and the type of payment which will best serve the needs of the victim and the appellant's capabilities.[7] This also should be corrected on remand. *See Commonwealth v. Galloway,* 302 Pa.Super. at 162, 448 A.2d at 577 ("No findings were made concerning the amount of damages nor the ability to Appellant to pay restitution[,]" and as a result, a remand was necessary.) *See, generally,* Annotation, Conditioning Probation upon Restitution, 73 A.L.R.3d 1240 (1976).

The reason for imposing these requirements on the trial court is because

"The purpose of a sentence of restitution and 'the reason for its imposition, is the rehabilitative goal it serves by "impressing upon the offender the loss he had cause and his responsibility to repair that loss *as far as it is possible to do so.*" ' *Commonwealth v. Kerr,* [298] Pa.Super. [257], [260], 444 A.2d 758, 760 (1982), quoting *Commonwealth v. Erb, supra* 286 Pa.Super. at 79, 428 A.2d at 581 and *Commonwealth v. Fuqua, supra* 267 Pa.Super. at 508, 407 A.2d at 26 (emphasis omitted and supplied). 'If the amount of restitution imposed exceeds the defendant's ability to pay, the rehabilitative purpose of the order is disserved, especially where the restitution payment is a condition of probation [or parole], for in such a case the defendant is told that he will not be imprisoned only if he somehow satisfies a condition he cannot hope to satisfy.' *Commonwealth v. Fuqua, supra,* 267 Pa.Superior Ct. at 509, 407 A.2d at 26 (footnote omitted)."

7. The maximum period of time which the trial court may order appellant to pay in installments is dictated by the maximum term of imprisonment to which appellant could have been sentenced. *See* 18 Pa.C.S.A. § 1106, *supra* at 1346; *see also* 18 Pa.C.S.A. §§ 3921, 3903, 1103 or 1104, for possible terms of imprisonment for theft by unlawful taking or disposition; *see* Pa.C.S.A. §§ 3502, 1103 (burglary); *see* §§ 903, 905 (criminal conspiracy). On remand, the trial court is not free to delegate these duties to an agency. *See Commonwealth v. Seminko, supra; Commonwealth v. Erb, supra.*

*Commonwealth v. Wood,* 300 Pa.Super. 463, 467–68, 446 A.2d 948, 950 (1982).[8] (Emphasis in original).

The judgment of sentence is vacated and the case is remanded for resentencing. Jurisdiction is relinquished.

---

**8.** Under Section 1106 of the Crimes Code, any order of restitution will have an effect on any damages recoverable in a civil action. This Section provides:

"**(g) Preservation of private remedies.**—No judgment or order of restitution shall debar the owner of the property or the victim who sustained personal injury, by appropriate action, to recover from the offender as otherwise provided by law, provided that any civil award shall be reduced by the amount paid under the criminal judgment."