**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PETER N. LAMANDRE, | |
| Appellant | No. 1558 MDA 2014 |

Appeal from the Judgment of Sentence entered July 29, 2014,
in the Court of Common Pleas of Lackawanna County,
Criminal Division at No(s): CP-35-CR-000-1969-2013

BEFORE:  ALLEN, LAZARUS, and PLATT*, JJ.

MEMORANDUM BY ALLEN, J.:                          **FILED JUNE 26, 2015**

Peter N. Lamandre ("Appellant") appeals from the judgment of sentence imposed after he pled guilty plea to one count of possessing an instrument of crime, and four counts of theft by unlawful taking.[1]  We affirm.

The trial court explained the factual and procedural background of this case as follows:

> On May 5, 2014, [Appellant] pled guilty to one count of possession of an instrument of a crime and four counts of theft by unlawful taking in the above captioned case.  In exchange, the 27 other charges pending against [Appellant] were nolle prossed.  The charges arose when [Appellant] stole funds from several clients who had hired him to manage their rental properties.

_____

[1] 18 Pa.C.S. §§ 907(a) and 3921(a).

*Retired Senior Judge assigned to Superior Court.

On July 29, 2014, a restitution hearing was held. The parties stipulated to the amounts owed to most of the victims. Two of the victims, Brian Gray ["Gray"] and Valerie Altuner ["Altuner"], testified as to the amount stolen from them. Transcript of July 29, 2014 Restitution and Sentencing Hearing. [Gray] testified that he had hired [Appellant] to manage his four rental properties, and he was able to obtain his financial statements from [Appellant's] website, and discovered that he was not receiving rents from [Appellant], nor was [Appellant] paying bills. Id. at 6-9. He testified that he prepared a statement of the amount owed by [Appellant] which totaled $45,472.96 and was attached to his victim impact statement. Id. at 9-11. The statement was marked Court Exhibit No. 1. Id. at 10. [Altuner] testified that she hired [Appellant] to manage 10 properties for her, with 15 units, for approximately 4 or 5 years. Id. at 18-27. She testified that she had her accountant prepare a letter for her, and that she estimated that she was owed $450,000. Id. at 19. The parties stipulated that the amount owed to Brian Murray, as detailed in his victim impact statement, was $25,067.25. Id. at 12-14.

Following the restitution hearing, [Appellant] was sentenced. The court stated that in reviewing the presentence file, the testimony elicited and the charges brought, it is clear that at best his behavior was gross negligence, and at worst it was contemplated, premeditated, repetitive criminal activity. Id. at 42-43. The court stated that it saw no indication of remorse, and no explanation that makes any sense. Id. The court stated that it appeared that this was an ongoing course of conduct designed to reap profits and was nothing short of outright embezzlement. Id. The court noted that at least six different clients of his were treated this way, and while it is the custom of the court to impose sentences within the standard range of the sentencing guidelines, the Sentencing Code mandates that if the court finds repetitive conduct, premeditation, and efforts to obfuscate and camouflage, then the court should sentence within the aggravated range. Id. at 43-44. The court imposed an aggregate sentence of 11 to 23 months, followed by 5 years of probation. Id. at 45. The court also ordered that [Appellant] was not to possess a realtor's license and was not to be involved in any position or employment that would involve the management of others' funds. Id. The court ordered a drug and alcohol and mental health evaluation. Id.

The court then ordered restitution. The court ordered that [Appellant] pay the following amounts: Murray family $25,067.25; Yoeder $3,059.65; [Bill] Milan ["Milan"] $5,148; Altuner $285,000; Salque $12,849; and Gray $45,472.96. Id. at 45-46. The court stated that it considered the testimony given, as well as the amounts that were stipulated to and the facts and figures from which the court was able to extrapolate to arrive at a fair number. Id. at 46. The court stated that it considered [Appellant's] testimony concerning the amount owed, but given that [Appellant] was involved in a consistent, prolonged, intentional, premeditated course of conduct of embezzlement and fraud, the court attributed no credibility to his testimony or the figures he submitted. Id. The court stated that it considered the entire presentence file, the [Appellant's] information and input, the nature and gravity of the offense, and the rehabilitative needs of [Appellant]. Id. at 47.

On August 19, 2014, [Appellant] filed an untimely motion for reconsideration of sentence which was denied that same date. On September 16, 2014, [Appellant] filed a Notice of Appeal, and that same date, this court ordered [Appellant] to file a concise statement of the matters complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). On October 7, 2014, [Appellant] filed a motion for an extension of time, which this court granted. On October 22, 2014, [Appellant] filed a Statement of Matters Complained of on Appeal.

Trial Court Opinion, 11/6/14, at 1-3.

On appeal, Appellant presents two questions:

1. Should the lower court's restitution awards to Altuner and Milan be set aside because they are illegal in light of the fact that [Appellant] never pleaded guilty to anything regarding either of these claimants?

2. Should the lower court's restitution awards to Altuner and Gray be set aside because they are speculative and not supported by the record?

Appellant's Brief at 5.

Before reaching Appellant's issues, we address the timeliness of his appeal. Pennsylvania Rule of Criminal Procedure 720(A)(1), provides in pertinent part that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." In **Commonwealth v. Bilger**, we explained:

> With respect to the filing of an appeal, Rule 720 [provides in pertinent part]:
>
> (2) If the defendant files **a timely post-sentence motion,** the notice of appeal shall be filed:
>
> (a) within 30 days of the entry of the order deciding the motion;
>
> (b) within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion; or
>
> (c) within 30 days of the entry of the order memorializing the withdrawal in cases in which the defendant withdraws the motion.
>
> (3) If the defendant does not file a post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence, except as provided in paragraph (A)(4).
>
> (Emphasis added). As can be readily observed by reading the text of Rule of Criminal Procedure 720, ordinarily, when a post-sentence motion is filed an appellant has thirty (30) days from the denial of the post-sentence motion within which to file a notice of appeal. However, by the explicit terms of Pa.R.Crim.P. 720(A)(2), the provision allowing thirty days from the denial of post-trial motions is contingent upon the timely filing of a post-trial motion. []
>
> ***
>
> [] For purposes of triggering the appeal period, [a]ppellant's filing of an untimely post-sentence motion is equivalent to a complete failure to file a post-sentence motion. Thus,

[a]ppellant was obligated to file his appeal within thirty days of [the entry of his judgment of sentence]. Since he did not, his appeal must be quashed.

\*\*\*

Admittedly, a trial court may have authority and discretion to consider the merits of an untimely post-sentence motion. *See Commonwealth v. Felmlee,* 2002 Pa.Super. 179, n. 3. However, absent the additional step by the trial court of vacating the sentence within the thirty-day period and prior to the taking of an appeal, the court's decision to do so should not affect the running of the appeal period and a potential appellant will still be obligated to file an appeal within thirty days of imposition of sentence. *See Commonwealth v. Quinlan,* 433 Pa.Super. 111, 639 A.2d 1235 (1994). To invoke a rule that ties the start of the appeal period to the trial court's subsequent decision to either consider the merits of an untimely filed post-sentence motion, or the trial court's decision to equate an untimely petition as no petition, would add uncertainty to an otherwise certain rule and add confusion where there need be none.

***Commonwealth v. Bilger,*** 803 A.2d 199, 201-202 (Pa. Super. 2002)

(internal footnote omitted).

In ***Commonwealth v. Patterson,*** we further explained:

After the expiration of the ten-day period, a post-sentence motion cannot toll the appeal period unless the appellant files a motion seeking permission to file a post-sentence motion *nunc pro tunc* and the trial court expressly grants this request within thirty days of the imposition of the sentence. *See Dreves,* 839 A.2d at 1128–29 (stating "[t]he trial court's resolution of the merits of a late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief").

***Patterson,*** 940 A.2d 493, 498 n.3 (Pa. Super. 2007).

Instantly, Appellant's judgment of sentence was entered on July 29, 2014. Appellant's post-trial motion was docketed on August 19, 2014,[2] and is therefore untimely pursuant to Pa.R.Crim.Proc. 720(A)(1). Appellant never sought *nunc pro tunc* relief, and the trial court never granted such relief *sua sponte*. Thus, Appellant was required to file his notice of appeal by on or before August 29, 2014. Appellant's notice of appeal was filed on September 16, 2014. Therefore, Appellant's appeal is untimely.

However, in **Patterson**, despite finding that appellant's post-sentence motion and subsequent notice of appeal were untimely, we nevertheless declined to quash appellant's appeal because:

> Generally, an appellate court cannot extend the time for filing an appeal. *Commonwealth v. Braykovich,* 444 Pa.Super. 397, 664 A.2d 133, 136 (1995), citing Pa.R.A.P. 105(b); *Commonwealth v. Smith,* 348 Pa.Super. 10, 501 A.2d 273, 275 (1985) (stating "[a] court may not enlarge the time for filing a notice of appeal as a matter of grace or indulgence"). Nonetheless, this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court. *See Braykovich, supra* at 136, citing Pa.R.A.P. 105, Explanatory Note; *Smith, supra* at 275. Thus,

---

[2] Appellant's counsel contends that Appellant's post-trial motion was timely filed on August 7, 2014 via a facsimile which Appellant's counsel submitted to the trial court's clerk on that date. However, the certified record is devoid of any documentation reflecting such submission. Therefore, we are precluded from considering Appellant's contention regarding the August 7, 2014 putative filing. **Commonwealth v. Spotti,** 94 A.3d 367, 381-382 (Pa. Super. 2014) (internal citation omitted) ("An appellate court is 'limited to considering only those facts that have been duly certified in the record on appeal.'"). Instead, we are bound by the August 19, 2014 date stamp which is reflected on Appellant's post-trial motion, and the corresponding August 19, 2014 docket entry memorializing said filing.

before our Court may quash the instant appeal, we must determine whether an administrative breakdown in the court system excuses the untimely filing of the notice of appeal.

The courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court, at the time of sentencing, either failed to advise Appellant of his post-sentence and appellate rights or misadvised him. *See Commonwealth v. Coolbaugh,* 770 A.2d 788, 791 (Pa. Super. 2001); *Commonwealth v. Bogden,* 364 Pa.Super. 300, 528 A.2d 168, 170 (1987); *Commonwealth v. Hurst,* 367 Pa.Super. 214, 532 A.2d 865, 867 (1987); *Commonwealth v. Katz,* 318 Pa.Super. 282, 464 A.2d 1343, 1345–1346 (1983). We have also found a breakdown where the clerk of courts did not enter an order notifying the appellant that his post-sentence motion was denied by the operation of law. *See Commonwealth v. Perry,* 820 A.2d 734, 735 (Pa. Super. 2003); *Braykovich, supra.* In each of the aforementioned instances, the "breakdown" occurred when the trial court or the clerk of courts departed from the obligations specified in current Rules 704 and 720 of the Pennsylvania Rules of Criminal Procedure.

Rule 704(C)(3)(a) states that, at the time of sentencing, "[t]he judge shall determine on the record that the defendant has been advised ...", *inter alia,* "of the right to file a post-sentence motion and to appeal, ... [and] of the time within which the defendant must exercise those rights." Pa.R.Crim.P. 704(C)(3)(a) (emphasis added). The Comment to this Rule provides that "[t]his rule is intended to promote ... fair sentencing procedures ... by requiring that the defendant be fully informed of his or her post-sentence rights and the procedural requirements which must be met to preserve those rights." Pa.R.Crim.P. 704, Comment. Furthermore, Rule 720(B)(4)(a) states that "[a]n order denying a post-sentence motion, whether issued by the judge ... or entered by the clerk of courts ..., shall include notice to the defendant of," *inter alia,* "the right to appeal and the time limits in which the appeal must be filed." Pa.R.Crim.P. 720(B)(4)(a) (emphasis added). "This requirement ensures adequate notice to the ... [appellant], which is important given the potential time lapse between the notice provided at sentencing and the resolution of the post-sentence motion." Pa.R.Crim.P. 720(B)(4)(a), Comment.

In the instant case, the trial court complied with Rule 704 at sentencing by notifying [a]ppellant of the time in which to file his post-sentence motion and appeal. However, the trial court utterly failed to comply with the dictates of Rule 720. In the January 3, 2005 order denying [a]ppellant's untimely post-sentence motion, the trial court did not notify [a]ppellant that, due to the late filing of his post-sentence motion, he had to file an appeal within thirty days of the imposition of sentence. Had the trial court done so, [a]ppellant could have filed a timely appeal within the fifteen days remaining in the appeal period.

In our view, the trial court's failure to comply with Rule 720 constitutes a breakdown that excuses the untimely filing of [a]ppellant's notice of appeal. While [a]ppellant did receive proper notification of his post-sentence and appellate rights at the time of sentencing, we will not deem partial compliance with the rules sufficient. Foremost, the use of the word "shall" in Rule 720(B)(4)(a) evinces the mandatory nature of the notification. *See Commonwealth v. Pleger,* 934 A.2d 715, 720 (Pa. Super. 2007) (stating "shall" evinces a mandatory obligation). Second, the Comment to the Rule clearly states that Rule 720(B)(4) serves a distinct purpose from Rule 704, namely, to ensure adequate notice to the defendant given the routine delay between the sentencing and the disposition of the post-sentence motion. Finally, in the instant case, the trial court's compliance with this rule likely would have obviated the untimely filing of the appeal as [a]ppellant had over two weeks remaining in the appeal period after the trial court entered the order.

*Patterson*, 940 A.2d at 498-500 (internal footnotes omitted).

Here, as in *Patterson*, the trial court's order denying Appellant's untimely post-trial motion was filed before the expiration of Appellant's 30 day appeal period. **See** Order, 8/19/14, at 1. However, the trial court's order "did not notify [a]ppellant that, due to the late filing of his post-sentence motion, he had to file an appeal within thirty days of the imposition of sentence." **See id.** at 1; **Patterson, supra,** at 499. Therefore, we are

constrained to find that "a court breakdown occurred," and will consider the merits of Appellant's appeal.

Appellant's first issue challenges the legality of his sentence as it pertains to the trial court's restitution order relative to Altuner and Milan. Specifically, Appellant contends that the trial court erroneously "ordered restitution to be paid to individuals who were never mentioned during the guilty plea colloquy and for which there had been no determination as to [Appellant's] criminal accountability of their alleged loss." Appellant's Brief at 14.

Appellant's challenge is a question of law regarding which our standard of review is plenary. *Commonwealth v. Stradley*, 50 A.3d 769, 771–72 (Pa. Super. 2012) (internal citations omitted). "Restitution is a creature of statute and, without express legislative direction, a court is powerless to direct a defendant to make restitution as part of his sentence. Where that statutory authority exists, however, the imposition of restitution is vested within the sound discretion of the sentencing judge." *Commonwealth v. Kinnan*, 71 A.3d 983, 986 (Pa. Super. 2013). "When restitution is imposed as part of the defendant's sentence, a direct causal connection between the damage to person or property and the crime must exist." *Commonwealth v. Nuse*, 976 A.2d 1191, 1193 (Pa. Super. 2009); *see also Commonwealth v. Pleger*, 934 A.2d 715, 720 (Pa. Super. 2007) ("The court must also ensure that the record contains the factual basis for the

appropriate amount of restitution[;] [i]n that way, the record will support the sentence.").

At the commencement of Appellant's guilty plea colloquy, the Commonwealth moved to amend counts 1 through 5 of Appellant's criminal information. N.T., 5/5/14, at 2 (unnumbered). The Commonwealth indicated that the amended counts would "include all parties identified on the criminal information." *Id.* Appellant's criminal information lists Altuner and Milan as victims of Appellant's criminal activities. *See* Information, 10/17/13, at 1-2.

Significantly, Appellant confirmed that the trial court had "stated all the terms of the plea as [Appellant] understand[s] it," following the trial court's recitation of the plea agreement as follows:

Trial Court: I'm told that there is a plea agreement that has been reached here and the terms of the agreement are as follows, that you will plead guilty to one count of possessing instruments of a crime and four counts of theft, misdemeanor of the second degree. And the Commonwealth will drop all remaining charges against you.

Additionally, you are agreeing to pay restitution to all victims alleged in the information. And there is no agreement, at the present time, as to the amount of that restitution.

It will be determined by me in a separate hearing from these proceedings and will be ordered at the time of the imposition of sentence.

N.T., 5/5/14, at 4-5.

Appellant agreed that the foregoing recitation of the plea terms was "[his] understanding" of the plea terms. *Id.* at 5. Therefore, while the Commonwealth and the trial court may have omitted Altuner and Milan from the recitation of the victims' names during the plea colloquy, the fact remains that the amended criminal information, and the plea agreement pursuant to which Appellant entered his guilty plea, encompassed Altuner and Milan, supporting the trial court's restitution award.

In his second issue, Appellant contends that the amount of the restitution awards to Altuner and Gray were "speculative and not supported by the record." Appellant has included a Pa.R.A.P. 2119(f) statement within his brief noting that this issue challenges the discretionary aspects of his sentence. *See* Appellant's Brief at 4. We disagree. A close reading of Appellant's second issue, and his argument in support of this issue, reflects that Appellant repeatedly assails the Altuner and Gray awards as "speculative and unsupported by the record." *See* Appellant's Brief at 21-24. Such a challenge does not implicate the discretionary aspects of his sentence, but rather the legality of the same. We have specifically explained that "[i]n the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence. An appeal from an order of restitution **based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing.** The determination as to whether

the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." **Stradley**, 50 A.3d at 771–72 (internal citations omitted) (emphasis supplied).

Based on our review of the record, Appellant's challenge to the Altuner and Gray restitution awards fail. The trial court explained:

> Two of the victims, [Gray] and [Altuner], testified as to the amount stolen from them. Transcript of July 29, 2014 Restitution and Sentencing Hearing. [Gray] testified that he had hired [Appellant] to manage his four rental properties, and he was able to obtain his financial statements from [Appellant's] website, and discovered that he was not receiving rents from [Appellant], nor was [Appellant] paying bills. Id. at 6-9. He testified that he prepared a statement of the amount owed by [Appellant] which totaled $45,472.96 and was attached to his victim impact statement. Id. at 9-11. The statement was marked Court Exhibit No. 1. Id. at 10. [Altuner] testified that she hired [Appellant] to manage 10 properties for her, with 15 units, for approximately 4 or 5 years. Id. at 18-27. She testified that she had her accountant prepare a letter for her, and that she estimated that she was owed $450,000. Id. at 19.

Trial Court Opinion, 11/6/14, at 2.

"Restitution compensates the victim for his loss and rehabilitates the defendant by impressing upon him that his criminal conduct caused the victim's loss and he is responsible to repair that loss." **Commonwealth v. Wall**, 867 A.2d 578, 582 (Pa. Super. 2005). We have further expressed:

> Although restitution does not seek, by its essential nature, the compensation of the victim, the dollar value of the injury suffered by the victim as a result of the crime assists the court in calculating the appropriate amount of restitution. 18 Pa.C.S.A. § 1106(a), (c). A restitution award must not exceed the victim's losses. A sentencing court must consider the victim's injuries, the victim's request as presented by the district attorney, and

- 12 -

> such other matters as the court deems appropriate. 18 Pa.C.S.A. § 1106(c)(2)(i).

*Pleger*, 934 A.2d at 720. Instantly, the trial court's restitution awards to Altuner and Gray did not exceed their claimed amount of losses. As the trial court observed, despite Altuner's request for $450,000 dollars, the trial court only awarded her $285,000 "after considering the statement she provided[.]" Trial Court Opinion, 11/6/14, at 5.

Moreover, Appellant acknowledges that Gray testified to the amounts of his loss and submitted materials from his "civil attorney" in support the loss. Appellant's Brief at 7-8. Appellant further concedes that in addition to Altuner's testimony, Altuner's contractor testified that "[Altuner's] accountant claimed she was owed $281,000.00." Appellant's Brief at 22-23. Appellant assails that testimony as "impermissible hearsay testimony." Appellant's Brief at 22. Appellant disregards, however, that "[s]entencing courts may consider evidence that might not be admitted at trial." *Commonwealth v. Charles*, 488 A.2d 1126, 1129 (Pa. Super. 1985). "Significantly, the admission of hearsay in sentencing proceedings, especially those which do not involve a capital crime, is a common occurrence. In fact, sentencing courts, as a matter of course, consider hearsay in nearly every sentencing case since pre-sentence investigations are routinely ordered and considered by the court, and a pre-sentence report is the very definition of hearsay ..." *Commonwealth v. Medley*, 725 A.2d 1225, 1230 (Pa. Super. 1999). Moreover, a sentencing judge "may appropriately conduct an inquiry

broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." ***Commonwealth v. Schwartz***, 418 A.2d 637, 640-641 (internal citation omitted) (Pa. Super. 1980).

Given our review of the record and applicable jurisprudence, we discern no error in the trial court's award of restitution to Altuner and Gray, and thus affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/2015