J-S15028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANAISE MARGARITA LOPEZ | : | |
| | : | |
| Appellant | : | No. 1214 MDA 2022 |

Appeal from the Judgment of Sentence Entered August 12, 2022
In the Court of Common Pleas of Lycoming County
Criminal Division at No: CP-41-CR-0001281-2021

BEFORE: BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.: **FILED SEPTEMBER 29, 2023**

Appellant, Anaise Margarita Lopez, appeals from the judgment of sentence entered on August 12, 2022, in the Court of Common Pleas of Lycoming County. Upon review, we remand to the trial court for resentencing.

The trial court summarized the relevant background as follows.

On August 31, 2021, the Williamsport Bureau of Police filed a criminal complaint and affidavit of probable cause charging [Appellant] with felony aggravated assault of police officer, misdemeanor simple assault, and summary harassment, arising out of incident earlier that day. [Appellant] waived her preliminary hearing on September 9, 2021, and the Commonwealth filed an information charging [Appellant] with those offenses on October 15, 2021.

On August 3, 2022, the Commonwealth amended the information with the agreement of [Appellant], withdrawing the misdemeanor and felony charges and adding a charge of summary disorderly conduct. The charge of summary harassment remained. [The trial court] held a non-jury trial on the summary charges later that day. Following the presentation of testimony and evidence, [the trial court] found [Appellant] guilty of both summary harassment

and summary disorderly conduct. [The trial court] proceeded directly to sentencing, and sentenced [Appellant] to fourteen days' incarceration on each count to run consecutive for a total sentence of 28 days.

On August 30, 2022, [Appellant] timely filed a notice of appeal from [the trial court]'s August 3, 2022 sentencing order. On September 2, 2022, [the trial court] directed [Appellant] to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[Appellant] timely filed her concise statement on September 15, 2022, [arguing that the trial court erred in not allowing Appellant to address the court before imposition of sentence].

Trial Court Opinion, 10/25/22, at 1-2 (unnecessary capitalization omitted).

On appeal, Appellant argues that the trial court's denial of the right of allocution constitutes a challenge to the legality of the sentence and, as a result, we should remand the instant matter to the trial court for resentencing.

The Pennsylvania Rules of Criminal Procedure require that "[a]t the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf[.]" Pa.R.Crim.P. 704(C)(1). It is the sentencing court's obligation to inform the defendant of her right to speak prior to sentencing. *Commonwealth v. Thomas*, 553 A.2d 918, 919 (Pa. 1989). Where the trial court fails to inform the defendant of her right, a resentencing hearing is required. *Id.*; *see also Commonwealth v. Hague*, 840 A.2d 1018, 1019 (Pa. Super. 2003) (failure to afford a defendant the right to allocution requires remand to allow for allocution prior to resentencing). Thus, because the trial court failed to allow Appellant to address the court prior to

sentencing, Appellant raises a meritorious claim. Yet, while meritorious, Appellant lost the ability to challenge this defect due to waiver. Indeed,

> [a]llocution is an underlying process through which the defendant is given the opportunity to speak, and through which the court may be inclined to grant leniency. Failure to grant a defendant this important right undoubtedly constitutes legal error. On the other hand, like most legal errors, it is nevertheless waivable under Pennsylvania law.

*Commonwealth v. Jacobs*, 900 A.2d 368, 376-77 (Pa. Super 2006).

Here, Appellant raised the allocution issue for the first time on appeal.[1] As such, the claim is waived. *Jacobs*, *supra*.

Nonetheless, we find Appellant still will be able to address the court prior to sentencing, since we also find we must remand for resentencing for another reason.

Here, the trial court properly noted that at the time of sentencing it failed to advise Appellant of her post-sentencing and appellate rights. This failure entitles Appellant to appropriate relief. *See*, *e.g.*, *Commonwealth v. Coolbaugh*, 770 A.2d 788, 791 (Pa. Super. 2001)(where trial court misinforms a defendant of time in which to appeal, an untimely appeal filing will be excused); *Commonwealth v. Bogden*, 528 A.2d 168, 170 (Pa. Super. 1987)(court below misinformed appellant in not advising him that an appeal had to be taken within thirty days of the entry of sentence and therefore,

---

[1] In *Jacobs*, "the panel explained that in order to preserve a claim of error pertaining to the right of allocution, the defendant must raise the claim before the trial court at the time of sentencing or in a post-sentence motion, or suffer waiver of the claim on appeal." *Commonwealth v. Hardy*, 99 A.3d 577, 579 (Pa. Super. 2014).

appeal was deemed timely); ***Commonwealth v. Hurst***, 532 A.2d 865, 867 (Pa. Super. 1987)(trial court's failure to advise of appeal rights will excuse untimely appeal); ***Commonwealth v. Katz***, 464 A.2d 1343 (Pa. Super. 1983)(trial court's failure to inform appellant of his right to appeal and the time within which to do so, will not result in quashal of untimely appeal); ***Commonwealth v. Evans***, 201 A.3d 248 (Pa. Super. 2018)(remand ordered where trial court failed to inform a criminal defendant of his need to file a post-sentence motion to preserve a weight claim).

Under these circumstances, a remand ordinarily would be ordered for Appellant to be able to file post-sentence motions to raise the allocution issue. However, we need not remand for this purpose because the trial court already acknowledged that it failed to allow Appellant to address the court prior to sentencing. Thus, as also suggested by the trial court, and considering the above precedent, we will remand to the trial court for resentencing, at which time Appellant shall be allowed to address the court.

Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/29/2023